IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SANDRA FRANKLIN, | ) | CASE NUMBER: 8:16-cv-397 |
|        Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RUNZA RESTAURANT; HUDSON | ) | |
| INVESTMENTS, INC.; | ) | |
| | ) | |
|        & | ) | |
| DOES 1-5, | ) | |
|        Defendants. | ) | |

## COMPLAINT

Plaintiff, Sandra Franklin, by and through her undersigned counsel, hereby files this Complaint and sues Runza Restaurant, Hudson Investments, Inc. and Does 1-5 for injunctive relief, attorney fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, *et seq.*, (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) as the property is located within the District of Nebraska.

3. Plaintiff, Sandra Franklin, (hereinafter referred to as "Mrs. Franklin" or "Plaintiff") is a resident of Douglas County, Nebraska.

4. Mrs. Franklin is a qualified individual with a disability under the ADA. Mrs. Franklin is a wheelchair-bound quadriplegic and is disabled.

5. Mrs. Franklin's disability, at all time's material hereto, impairs her ability to walk, a major life activity, and requires her to use a wheelchair to ambulate.

6. Defendant, Runza Restaurant, and at all times herein mentioned was, a duly organized business, association, or corporation duly authorized to exist and operate within the State of Nebraska and the owner, lessee, or tenant of the premises located at 2952 Farnam Street, Omaha, Nebraska 68131 (hereinafter the "Property").

7. Plaintiff, on information and belief, alleges that defendant Hudson Investments, Inc. is the owner and/or landlord of Defendant Runza Restaurant.

8. Plaintiff is ignorant of the defendants sued as Does 1-5.  Plaintiff sues them in their fictitious names as Doe defendants.  Upon information and belief, Plaintiff alleges that Does 1-5 are the owners, operators, lessees or tenants of the subject property and each of the Doe defendants at all times herein was acting as the agent and or representative of each other and thereby are responsible in some manner for the injuries and damages complained of herein. Plaintiff will seek leave of court to amend this complaint to name Doe defendants when the same is ascertained.

9. All events giving rise to this lawsuit occurred in the District of Nebraska.

## COUNT I

## (VIOLATION OF TITLE III OF THE ADA)

10. Plaintiff realleges and incorporates in this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

11. The Property, a restaurant, is open to the public and provides goods and services to the public.

12. Plaintiff has knowledge of the architectural barriers and need not engage in futile gesture of visiting buildings containing known barriers to access.

13. Plaintiff desires to visit the Property, but fears that she will experience serious difficulty due to the barriers discussed herein, which still exist.

14. Plaintiff has concrete plans to visit and will visit the Property in the near future to utilize the goods and services offered thereon.

15. Plaintiff will visit the Property to advance this litigation against Defendant and as an ADA tester to ensure the Property has been made ADA compliant so that she and other individuals with mobility disabilities will have full and equal enjoyment of the Property without fear of discrimination.

16. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this Property.

17. Defendant has discriminated and continues to discriminate against Plaintiff and individuals with mobility disabilities by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq*.

18. A preliminary inspection of the property has shown that violations exist. These violations include, but are not limited to:

    A. Parking;

    B. Entrance Access & Path of Travel.

19. Defendants either do not have a policy to assist people with disabilities or refuses to enforce such a policy if it does exist.

20. The discriminatory violations described herein are not an exclusive list of the Defendant's ADA violations. Plaintiff requires an inspection of the Defendant's Property in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

21. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendants.

22. Removal of the barriers to access located on the Property would allow Plaintiff and individuals with mobility disabilities to fully utilize the goods and services located therein.

23. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorneys' fees, costs, and expenses paid by Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against Defendants and requests the following injunctive relief:

A. That the Court declare the Property owned, leased, leased to and/or operated by Defendants is in violation of the ADA;

B. That the Court enter an Order directing Defendants to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendants to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures;

D. That the Court award reasonable attorney fees, costs (including expert fees) and other expenses of suit to the Plaintiff; and

E. That the Court awards such other and further relief as it deems necessary, just and proper.

RESPECTFULLY SUBMITTED,

BY:   *s/Adam Emerton*
ADAM E. EMERTON
PESEK LAW, LLC
1904 Farnam Street, Ste. 410
Omaha, Nebraska 68102
(402) 342-9684
(402) 342-9683 (fax)
adam@peseklaw.com
*Attorney for Plaintiff*